**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Underwood,<br><br>        Plaintiff,<br>  -v-<br><br>TAFSC Housing Development Fund Corporation,<br>The Third Avenue Family Service Center, Inc.,<br>Linda Washington,<br>City of New York, and<br>New York State Homeless Housing And Assistance<br>Corporation,<br><br>        Defendants. | **Civ. Action #:**<br><br>__Complaint__<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

   Plaintiff Michael Underwood ("Plaintiff," or "Underwood"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, including his unpaid overtime wages,

and wage deductions, under the employment agreement between Plaintiff and Defendants, as well as under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Michael Underwood ("Plaintiff" or "Underwood") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief and at all times relevant herein, Defendant City of New York was a local government entity in New York State which owned and provided the building located at 1061 Hall Place, Bronx, NY 10459, in which Plaintiff performed his work and was employed by Defendants.

9. Upon information and belief and at all times relevant herein, Defendants TAFSC Housing Development Fund Corporation ("TAFSC"), and The Third Avenue Family Service Center, Inc. ("Third Avenue"), managed the building located at 1061 Hall Place, Bronx, NY 10459, in which Plaintiff performed his work and was employed by Defendants.

10. Upon information and belief and at all times relevant herein, Defendant Linda Washington

("Washington"), was the executive director of Defendant TAFSC and controlled the operations of TAFSC as well as the employment of Plaintiff with Defendants.

11. Upon information and belief and at all times relevant herein, Defendant City of New York controlled the building in which Plaintiff worked for Defendants and Plaintiff's employment herein, through its terms and conditions for the use and operation of the building as also set forth in the Final Award Agreement ("FAA")[1], and through oversight provided by New York City Department of Housing Preservation and Development.

12. Upon information and belief and at all times relevant herein, Defendant New York State Homeless Housing and Assistance Corporation controlled the building in which Plaintiff worked for Defendants and Plaintiff's employment herein, through the funding, rules and oversight it provided for the building located at 1061 Hall Place, Bronx, NY 10459, in which Plaintiff performed his work and was employed by Defendants.

13. In fact, Defendant New York State Homeless Housing and Assistance Corporation ("NYSHHAC"), became the successor in interests to the other Defendants/joint-employers in July 2018 when through court order, it took complete control of Plaintiff's employment and the building in which he worked for Defendants located at 1061 Hall Place, Bronx, NY 10459.

14. Upon information and belief and as part of its exercise of complete control, Defendant NYSHHAC terminated Plaintiff's employment herein and terminated the role of Defendants TAFSC, Third Avenue and Washington in operating and managing the building located at 1061 Hall Place, Bronx, NY 10459, in which Plaintiff performed his work and was employed by Defendants

15. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's

---

[1] The Final Award Agreement ("FAA"), is an agreement executed on or about April 13, 2003 between Defendant City of New York and Defendant TAFSC concerning the operation and use of the building in which Plaintiff was employed by Defendants herein. The FAA is incorporated herein.

employment, among other employment functions.

16. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## <u>STATEMENT OF FACTS</u>

17. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated an apartment building in which Plaintiff worked located at 1061 Hall Place, Bronx, NY 10459.

18. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly employed about 6-7 employees directly in connection with the building located at 1061 Hall Place, Bronx, NY 10459 in which Plaintiff was employed – overall, Defendants together employed thousands of persons.

19. Plaintiff Underwood was employed by Defendants, individually and/or jointly, from in or around 2003 to on or about July 13, 2018.

20. At all times relevant herein, Defendant employed Plaintiff as a handyman and Plaintiff performed manual work including maintenance and repairs in Defendant's multi-story building with about twenty-one or more units. Plaintiff also performed mail handling functions throughout his employment with Defendants – handling and distributing incoming and outgoing United States mail.

21. At all times relevant herein, Defendants provided Plaintiff with an apartment as part of his compensation – the apartment was valued at about $1500 a month.

22. At all times relevant herein, Plaintiff was paid at an effective rate of about $20.10[2] an hour and Plaintiff was not paid any wages for each and all hours worked in excess of forty-five in each week during his employment with Defendants.

---

[2] For example, in 2016 Plaintiff was paid $1,030.77 by check for 90 hours biweekly or about $11.45 an hour for 45 hours a week by check and he was also provided an apartment valued at about $1,500 a month as part of his compensation – resulting in an effective hourly rate of about $20.10/hr.

23. At all times relevant herein, Plaintiff worked about 65-75 or more hours each week for Defendants - 7 days a week[3], but Plaintiff was not paid *any* wages for hours worked over 90 in a Bi-weekly pay period including his overtime hours worked (hours over 40 in a week) – Defendants paid Plaintiff for about 5 overtime hours each week at his straight regular rate.

24. A more precise statement of the hours and wages will be made when Plaintiff Underwood obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

25. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

26. At all times relevant herein, Plaintiff was a manual worker who was paid by Defendants on a bi-weekly basis.

27. At all times relevant herein, Defendants, individually and/or jointly, did not provide Plaintiff with the notice(s) required by NYLL 195(1).

28. At all times relevant herein, Defendants, individually and/or jointly, did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned by Plaintiff, among other deficiencies.

29. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

---

[3] At all times relevant herein, Defendants employment agreement with Plaintiff stated that "The nature of a work assignment will impact on the days and hours an employee is required to work. Live-in positions necessarily require work hours beyond the "regular" work day, including a 24 hour on-call responsibility."

30. At all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors/entities/persons within and outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly, utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

32. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly, utilized the goods, materials, and services through interstate commerce.

33. Defendants, individually and/or jointly, as a regular part of its business, make payment of taxes and other monies to agencies and entities outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants and the tenants in their building conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

35. Defendants, individually and/or jointly, as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

36. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. The circumstances of Plaintiff's termination are still under investigation and review, and Plaintiff may assert wrongful termination and other claims at a later time.

39. "Plaintiff" as used in this complaint refers to the named Plaintiff.

40. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

41. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

44. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

45. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

47. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

**NYLL 650 et Seq. & 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime Wages)**

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

51. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2., 12 NYCRR § 141-1.4.

**Relief Demanded**

52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**BREACH OF CONTRACT + NYLL § 190, 191, 193 and 198 – Unpaid + Withheld Wages**

53. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 52 above with the same force and effect as if fully set forth at length herein.

54. At all times relevant herein, Defendants employment agreement with Plaintiff provided for Plaintiff to be paid at 1.5 times his regular rate for all work hours over 40 in a week – an agreement Defendants breached by paying Plaintiff for only 5 overtime hours each week at

his straight regular rate and by not paying Plaintiff any wages for his work hours beyond 45 hours a week.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

56. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime and overtime wages, within the time required under NY Labor Law § 190 et seq.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## **Relief Demanded**

59. Due to Defendants' violation of their employment agreement with Plaintiff, and Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

60. Declare Defendants to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq., and their employment agreement with Plaintiff.

61. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

62. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

63. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, as well as under Defendants' employment agreement with Plaintiff.

64. Award Plaintiff prejudgment interest on all monies due.

65. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

66. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **July 25, 2018**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____

By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com