# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                            Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                          Fax: 718-740-2000
*Employment and Labor Lawyer*                                                       Web: www.abdulhassan.com

**August 22, 2018**

**Via ECF**

Hon. Richard J. Sullivan, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom: 905
New York, NY 10007
Tel: 212-805-0264

<u>Re: Underwood v. TAFSC Housing Development Fund Corporation et al</u>
          Case No. 18-CV-06664 (RJS)(OTW)
          Response to August 22, 2018 Order

Dear Judge Sullivan:

     My firm represents Plaintiff in the above-referenced action, and I respectfully write in response to Your Honor's August 22, 2018 order concerning extension of time to October 5, 2018 for responding to the complaint.

     I previously consented to NYSHHAC extension of time to respond to the complaint to September 6, 2018. When contacted by the City of New York, I agreed to extend its time to September 6, 2018 as well because of uniformity, fairness and the need to avoid delays. I did not link the time to answer of the two appearing defendants to the other defendants because the others may or may not appear given their financial and operational posture - the two appearing Defendants, especially Defendant NYSHHAC, recently terminated Plaintiff after taking control of the building in which he worked from the Defendants that are yet to appear.

     In the circumstances, we will not oppose extending, until October 5, 2018, the time for all Defendants to respond to the complaint. However, Plaintiff respectfully requests that the Court simultaneously refer the case to the Magistrate-Judge for a settlement conference pursuant to Local Civil Rule 83.9(f), for several compelling reasons. First, because it takes time to secure a conference date, a referral at this stage is in order. Second, because the appearing Defendants have terminated Plaintiff and may be seeking to evict him, delays, including the extension sought by Defendants, would be very harmful to Plaintiff. Third, the case involves some complexities, including joint-employment, recent litigation in state court over the control of the building, and

an interplay of City/State laws and agreements, etc. – complexities which can be more easily and expeditiously resolved or narrowed with the help of a Magistrate-Judge in a settlement conference as opposed to expensive and time-consuming motion practice and discovery[1]. Fourth, expeditious resolution of FLSA cases is consistent with, and may even be warranted with the strong remedial purpose of the FLSA, and the gatekeeper role of this Court under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and the principles expounded therein.

       We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsels via ECF**

---

[1] The last time the City of New York litigated a joint-employment with my office, the case took several years and resulted in a Circuit Precedent against the City even though it could have been easily resolved at a very early stage. See *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132 (2d Cir., 2008).