

*Client Focused. Results Driven.*

August 23, 2018

**VIA ECF and E-MAIL**
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007
SullivanNYSDChambers@nysd.uscourts.gov
Courtroom 905

Re:   *MICHAEL UNDERWOOD v. TAFSC HOUSING DEVELOPMENT FUND CORPORATION et al*.; Case No. 18-cv-06664
      **Request for a Pre-Motion Conference**

Dear Judge Sullivan:

This office represents Defendant, New York State Homeless Housing and Assistance Corporation ("NYSHHAC"), in the above referenced action. Pursuant to Your Honors Individual Rules and Practices, Rule 1.A and 2.A., NYSHHAC respectfully requests a pre-motion conference because it seeks leave to file a pre-answer motion to dismiss this action.

The basis for NYSHHAC's anticipated motion is: (i) under both FLSA and NYLL, Plaintiff failed to plead sufficient facts to demonstrate that an employment relationship existed between Plaintiff and NYHHAC; (ii) under both FLSA and NYLL, Plaintiff failed to plead sufficient facts to demonstrate a joint-employer relationship; and (iii) Plaintiff failed to sufficiently plead any claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and their progeny, including Second Circuit cases dismissing FLSA and state wage and hour claims under Fed. R. Civ. P. 12(b)(6).

First, to succeed on his claims, Plaintiff must establish that he was NYHHAC's "employee" under the FLSA and NYLL. Plaintiff has not accomplished this. Courts have considered the FLSA and NYLL definitions as functionally the same. *See Cane v. DPNY Inc*., 287 F.R.D. 251, 260 (S.D.N.Y 2012) ("Since the NYLL's definition of employment is nearly identical to the FLSA's[,] courts in this circuit have held that the New York Labor Law embodies the same standard for employment as the FLSA."); *see also Zheng v. Liberty Apparel Co*., 355 F.3d 61, 78 (2d Cir. 2003) (dismissing the plaintiff's "analogous" NYLL claims "[f]or the same reasons" as the FLSA claims). Whether an entity qualifies as an employer depends on whether it has the "power to control" the worker's employment. *Id* at 7. To determine whether an entity had that power, courts look to the "economic realities." See id. The Courts first ask whether the entity had formal power to control. *See id*. If it did not, Courts ask whether the entity exercised functional control. *See id*. If the entity had neither formal nor functional control, it cannot be an "employer." *See id*. (dismissing complaint where plaintiff failed to allege facts to show that defendant qualified as "employer" under either the FLSA or the NYLL). Here, under *Shi Ming Chen*, Plaintiff failed to allege and indeed NYSHHAC did not have, any formal control of Plaintiff: (i) Plaintiff does not allege that NYSHHAC, nor did it, have the power to hire and fire Plaintiff; (ii) Plaintiff does not allege that NYSHHAC, nor did it, supervise or control Plaintiff; (iii) Plaintiff does not allege that NYSHHAC, nor did it, determine Plaintiff's rate and method of payment; and (iv) Plaintiff does not allege that NYSHHAC, nor did it maintain Plaintiff's employment records. *See Shi Ming Chen v. Hunan Manor Enter*., Inc., No. 17 CIV. 802 (GBD), 2018 WL 1166626, at 8 (S.D.N.Y. Feb. 15, 2018). Similarly, Plaintiff failed to allege, and



could not allege that NYSHHAC had functional control over Plaintiff. None of the factors or elements set forth by the courts in both this district and this circuit have been plead or met by the Plaintiff: (i) Plaintiff did not use NYSHHAC's premises and equipment for its work, the State Litigation not only demonstrates that the subject premises was not owned by NYSHHAC, but also that NYSHHAC was forced to commence a lawsuit, by an emergency application (which was denied) to, *inter alia*, to even enter the subject premises; (ii) NYSHHAC did not have a business that could or did shift as a unit from one putative joint employer to another (there was not joint employer relationship, as discussed below); (iii) NYSHHAC did not supervise Plaintiff's work, just as NYSHHAC was not privy to any of co-defendant TAFSC Housing Development Fund Corporation's (the "Co-defendant HDFC") operations; and (iv) Plaintiff did not work exclusively or predominately for NYSHHAC – Plaintiff did not work for NYSHHAC at all, he was hired and fired by Co-defendant HDFC. *See id*. Indeed, Plaintiff's complaint is completely bereft of such basic allegations as who hired the Plaintiff, who set his hours, who supervised and disciplined him, and who paid him. Plaintiff does not specifically allege that NYSHHAC did any of these things and instead relies on an agreement between Co-defendant HDFC and NYSHHAC that has been proven to be violated by Co-defendant HDFC in the State litigation. Instead, the Complaint contains bare allegations that "upon information and belief" that Defendants employed Plaintiff (without even specifying which of Defendants). Such threadbare recitals do not suffice to establish an actionable claim.[1] Accordingly, Plaintiff fails to support an inference that Plaintiff' was NYHHAC's employee under FLSA and NYLL, Plaintiff's action against NYSHHAC should be dismissed.

   Second, Plaintiff failed to allege that NYSHHAC was Plaintiff's joint employer because Plaintiff offered no facts to show that NYHHAC exercised control – formal or functional – over Plaintiff's employment. To determine whether NYSHHAC should be deemed to have been Plaintiff's joint employer, the determination is based on the circumstances of the whole activity. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72, 149 Lab. Cas. P 34799, 9 Wage & Hour Cas. 2d (BNA) 336, 2003 WL 23028312 (2d Cir. 2003). Plaintiff failed to even allege the factors deemed to be relevant to make this determination. As these factors are also to be alleged and considered when discerning whether an employment relationship exists, Plaintiff fell woefully short of making any such allegations to establish a joint-employment relationship. In fact, the overarching circumstances preclude any joint-employer relationship because Co-defendant HDFC unambiguously divorced itself of any relationship with NYSHHAC, especially as it concerns Co-defendant HDFC's business management. Here, the Complaint's joint-employer allegations span only a single paragraph containing nothing more than conclusory allegations that do not even attempt to recite the legal standard; this Court should not accept these conclusory allegations as true. *Sampson v. MediSys Health Network, Inc*., No. 10-CV-1342 SJF ARL, 2012 WL

---

[1] "[B]oth the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed. R. Civ. P. 12(b)(6) motion." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 10 CIV. 2661 PAC, 2011 WL 321186 at *4 (S.D.NY Jan. 28, 2011), aff'd in relevant part, 723 F.3d 192 (2d Cir. 2013). *See SL9.c, Lundy v. Catholic Health Sys. of Long Island*, 711 F 3d. 106, 114 (2nd Cir. 2013) (affirming district court's grant of defendants' Motion to Dismiss plaintiffs' FLSA and NYLL overtime claims pursuant to Fed. R. Civ. Proc. 12(b)(6)); *Attanasio v. Cmty. Health Systems, Inc.*, No. 3:11-CV-582 (ARC), 2011 WL 5008363, at *6 (M.D. Pa. Oct 20, 2011) (dismissing FLSA claim where the plaintiffs failed to plead basic terms of primary employment relationship; rather, plaintiffs' "pleadings constitute a mere 'formulaic recitation of the elements of [the] cause of action' and are insufficient to maintain a cause of action."); *Zamora v. Washington Home Servs*, LLC, No. 11-CV-00831, 2011 WL 6297941, at *3 (D. Md. Dec. 15, 2011) (dismissing complaint where plaintiff "failed to state a cognizable claim that he is an employee for the purposes of the FLSA," and the "threadbare allegations" had no tendency to show that he was an employee rather than an independent contractor)



**Client Focused. Results Driven.**

3027838, at 4 (E.D.N.Y. July 24, 2012) ("The Court need not accept these conclusory allegations as true."). Accordingly, Plaintiff fails to support an inference that there was a joint-employer relationship which binds NYHHAC to the action Plaintiff has asserted against it and this action should be dismissed.

Third, just as Plaintiff fails to allege an employment and joint-employer relationship implicating NYSHHAC, the Complaint is devoid of any factual context to his claim that Defendants failed to pay him (or anyone else, as will be discussed) "an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked." Complaint at paragraph 25. Instead, Plaintiff attempts to avoid its burden by stating "a more precise statement of the hours and wages will be made when Plaintiff Underwood obtains the wage and time records …" Complaint at paragraph 24. Plainly, Plaintiff's obfuscation is improper. Plaintiff's action rests on Plaintiff's personal knowledge of his own alleged injury, central of which is Plaintiff's work. However, Plaintiff does draw upon any knowledge whatsoever, other than to say that he lived in the subject premises, Plaintiff does not identify the actual days or workweeks Plaintiff (or anyone else) worked overtime; whether he came to work early; stayed late; how many extra, uncompensated hours he or anyone else) worked per day or week; or the type of tasks performed during those alleged uncompensated (domestic or non-domestic), overtime hours. *See Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289, 2014 WL 4651951, at 8 (S.D.N.Y. 2014). This is particularly necessary, where as here, NYHHAC was not a party nor privy to his work records, and has no knowledge or access to such records.

In similar vein, though Plaintiff commenced this action pursuant FLSA 216(b), as his individual claims, Plaintiff's collective allegations are also wholly deficient. Other than include "employed about 6-7 employees … Defendants together employed thousands of persons," Complaint at Paragraph 18, Plaintiff's naked assertions do not even recite that these other individuals were similarly situated. Plaintiff does not provide a single factual assertion as to how other individual were, for example, denied overtime. Taken together, the sparse pleadings, without factual support, are patently insufficient. If plaintiffs could transform individual claims into collective claims by simply incanting the class action statute, all plaintiffs would so to exert settlement pressure on defendants – as Plaintiff is attempting to now by asserting these opaque causes of actions.

In sum, because NYSHHAC respectfully requests a pre-motion conference because it seeks leave to file a pre-answer motion to dismiss this action against NYSHHAC for the reasons stated herein.

Respectfully Submitted,

/S/ Daniel Goldenberg
***Daniel Goldenberg, Esq.***

cc:
**VIA ECF**

| | |
|---|---|
| Abdul Hassan, Esq. | Elizabeth Robins, Esq. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, The City of New York* |
| 215-28 Hillside Avenue | New York City Law Department |
| Queens Village, New York 11427 | 100 Church Street |
| | New York, New York 10007 |