

**ZACHARY W. CARTER**
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH H. ROBINS**
*Assistant Corporation Counsel*
Labor & Employment Law Division
Phone: (212) 356-4389
Fax: (212) 356-2439
Email: erobins@law.nyc.gov
Email and Fax No. <u>Not</u> for Service of Papers

August 24, 2018

**BY ECF**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: <u>Michael Underwood v. TAFSC Housing Development Fund Corporation et. al</u>
         18 Civ. 06664 (RJS)

Dear Judge Sullivan:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendant City of New York ("City") in the above-referenced alleged action. I write in opposition to Plaintiff's letter request dated August 22, 2018, ECF Docket No. 12 ("Letter"). In the Letter, Plaintiff requests that the Court refer this case to the Magistrate Judge for a settlement conference pursuant to Local Civil Rule 83.9(f). <u>See</u> Letter at 1. Defendant City opposes this request because, upon information and belief, Plaintiff and Defendant City have no employee/employer relationship and referral to a settlement conference is, at best, premature at this point. Defendant is still investigating in order to confirm that belief, but currently anticipates filing a letter motion requesting leave to move to dismiss the Complaint on multiple bases, including that Plaintiff was not an employee of Defendant City, and that Plaintiff fails to state a claim that Defendant City terminated Plaintiff or was ever even his employer. Further, the Complaint alleges a breach of contract claim, but City Defendant respectfully asserts, to its present understanding, there was no contract between Plaintiff and City Defendant.

    Moreover, the Complaint alleges that co-Defendant New York State Homeless Housing and Assistance Corporation ("NYSHHAC") "took complete control of Plaintiff's employment" and that specifically "NYSHHAC terminated Plaintiff's employment" <u>see</u> Complaint ¶¶ 13-14. Thus, the allegation in the Letter forming the basis of Plaintiff's request, which is that Defendant City (referred to therein in conjunction with Defendant NYSHHAC as "the appearing Defendants") terminated Plaintiff and is seeking to evict him, is refuted by the allegations in Plaintiff's own Complaint.

Additionally, the Complaint asserts that named Defendant Linda Washington, who is identified as the Executive Director of a putative co-defendant, "controlled . . . the employment of Plaintiff," see Complaint ¶ 10, which again suggests that Plaintiff was not an employee of Defendant City.

In sum, in light of Defendant City's forthcoming letter requesting permission to move to dismiss, based in part on its understanding that Defendant City and Plaintiff do not and have not shared an employer/employee relationship, referring this instant proceeding for a settlement conference would be, at best, premature and not in the interest of judicial economy.

Thank you for your consideration.

Respectfully submitted,

*/s/Elizabeth H. Robins*
Elizabeth H. Robins
Assistant Corporation Counsel

**BY ECF**
TO:   Abdul K. Hassan, Esq.
      Attorney for Plaintiff
      Abdul Hassan Law Group, PLLC
      215-28 Hillside Avenue
      Queens Village, NY 11427
      Tel: 718-740-1000
      Fax: 718-740-2000
      Email: abdul@abdulhassan.com

      Daniel Robert Goldenberg
      Attorney for Defendant New York State Homeless Housing and Assistance Corporation
      Goldstein Hall PLLC
      80 Broad Street, Suite 303
      New York, NY 10004
      (646)-768-4119
      Email: dgoldenberg@goldsteinhall.com