

Client Focused. Results Driven.

August 29, 2018

**VIA ECF and E-MAIL**
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007
SullivanNYSDChambers@nysd.uscourts.gov
Courtroom 905

      Re:    *MICHAEL UNDERWOOD v. TAFSC HOUSING DEVELOPMENT FUND CORPORATION et al*.; Case No. 18-cv-06664
            **Reply to Plaintiff's August 28, 2018 Letter**

Dear Judge Sullivan:

      This office represents Defendant, New York State Homeless Housing and Assistance Corporation ("NYSHHAC"), in the above referenced action. We are in receipt of Plaintiff's August 28th Response to the request for a pre motion conference. This Letter is submitted solely to respond to certain misrepresentations, raised by Plaintiff. While NYSHHAC is fully prepared to address these misrepresentations at the pre-motion conference, we feel obligated to bring them to Your Honor's attention now.

      Plaintiff's letter characterizes Co-Defendants, TAFSC and Third Avenue, as Managing Agents. This designation is belied by the terms of the Final Award Agreement (the "FAA") which Plaintiff relies on and references in his Complaint. NYSHHAC is a Public Benefit Corporation, formed to administer the Homeless Housing and Assistance Program ("HHAP"), which provides State financial assistance to fund capital programs sponsored by not-for-profit corporations (such as TAFSC and Third Avenue) for the purpose of expanding and improving the supply of shelter and other housing arrangement for homeless persons, specifically herein, those with a family member living with the HIV/AIDS virus. The FAA specifically provides that NYSHHAC (defined therein as the Corporation) will provide HHAP funds to TAFSC and Third Avenue (defined therein as the Sponsors), provided that the Sponsors comply with the terms and conditions of the FAA. Indeed, as part of the FAA, Sponsors were required to acquire the deed to the underlying property, and NYSHHAC's grant was secured by a certain Note and Mortgage.

      Even a cursory reading of the FAA reveals that it does not establish a Managing Agent relationship. In fact, the explicit language of the FAA belies the very factual nexus that Plaintiff is attempting to portray. The FAA states that "the Corporation and the Sponsors agree that the Sponsors are independent contractors and not employees of the Corporation." (FAA at ¶ 28.)

Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004
O 646.768.4100  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com



Client Focused. Results Driven.

Paragraph 28 continues to provide for various indemnifications and hold harmless agreements from the Sponsors for the very type of claim that Plaintiff is asserting herein. Additionally, the FAA provides that any contract (such as the alleged employment agreement Plaintiff is relying on) entered into by the Sponsors with a contractor, shall not create any contractual relationship between that contractor and the Corporation. (FAA ¶ 21(d)(vii)).

Counsel attempts to conflate the fact that TAFSC and Third Avenue defaulted under the terms of the FAA and therefore lost the HHAC grant, and NYSHHAC was permitted to foreclose on the Mortgage and Note (the sole remedy provided for in the FAA) with some loosely knitted allegations of joint employment are completely unavailing. The clear facts, as alleged in the Complaint, are that Plaintiff was employed by TAFSC and/or Third Avenue, not by NYSHHAC. NYSHHAC did not hire, fire or control Plaintiff's employment in anyway. NYSHHAC removed TAFSC and Third Avenue as the grant holder of the Project and placed a new operator in charge of the facility to continue the State's programmatic goals of expanding and improving the supply of shelter and other housing arrangement for homeless persons, specifically herein, those with a family member living with the HIV/AIDS virus.

Plaintiff's complete misrepresentation of the relationship between NYSHHAC and TAFSC and Third Avenue is central to Plaintiff's entire opposition to NYSHHAC's request to make a pre-answer motion to dismiss. The true relationship, more akin to lender/borrower than to managing agent, does not present any unique or complex facts which could not be addressed on a pre-answer motion to dismiss.

Further, while NYSHHAC takes exception to many of the statements raised by Plaintiff in its Letter, we will reserve raising those issues during the scheduled conference.

Respectfully Submitted,

/S/ Daniel Goldenberg
***Daniel Goldenberg, Esq.***

cc:
**VIA ECF**

Abdul Hassan, Esq.
*Attorneys for Plaintiff*
215-28 Hillside Avenue
Queens Village, New York 11427

Elizabeth Robins, Esq.
*Attorneys for Defendant, The City of New York*
New York City Law Department
100 Church Street
New York, New York 10007

Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004
O 646.768.4100  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com