Case 1:18-cv-06664-JPO   Document 28   Filed 09/28/18   Page 1 of 3



**Z**ACHARY **W.** **C**ARTER
*Corporation Counsel*

**T**he **C**ity of **N**ew **Y**ork
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH H. ROBINS**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4539
Fax: (212) 356-2089
Email: erobins@law.nyc.gov
(e-mail and fax not for service)

September 28, 2018

**BY ECF**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:  <u>Michael Underwood v. TAFSC Housing Development Fund Corporation et al.</u> 1:18-cv-06664-RJS

Dear Judge Sullivan:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendant City of New York ("City") in the above-referenced action brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Pursuant to the Court's Individual Rules, and the Court's Scheduling Order, ECF Docket No. 16, I write to respectfully request a pre-motion conference regarding defendant City's anticipated motion to dismiss the Complaint. The Court previously scheduled such a conference to discuss co-defendant New York State Homeless Housing and Assistance Corporation's ("NYSHHAC") anticipated motion for October 26, 2018 at 10:30am. <u>See</u> ECF Docket No. 16. Defendant City respectfully requests the opportunity to discuss its anticipated motion at that same conference, if convenient for the Court, but further requests that the conference be rescheduled for either November 2, 2018, November 9, 2018, or a time thereafter convenient for the Court, because Defendant City's counsel will be out of the office the week ending October 26 and part of the following week. Plaintiff and Defendant NYSHHAC consent to the requested adjournment.

        As set forth herein, the Complaint is deficient as against the City, because Plaintiff fails to plead sufficient facts demonstrating that any employment relationship existed between Plaintiff and Defendant City. Further it is indisputable from publicly available records that the City does not own the building in question nor control its operations.

    **A.**  **Summary of Plaintiff's Claims**

        Plaintiff alleges that he was employed by Defendants individually and/or jointly and that he is entitled to unpaid overtime wages for those weeks when he purportedly worked more than forty hours in a week. He also claims he is entitled to "maximum liquidated damages

and attorneys' fees" and is entitled to recover unpaid wages under an alleged employment agreement between Plaintiff and Defendants.  See Complaint, ECF Docket No. 1, at ¶¶ 1-3.

Plaintiff allegedly was employed as a handyman and maintenance worker in a building located at 1061 Hall Place, Bronx, NY 10459.  See Complaint ¶ 20.  Plaintiff claims that he is employed by the City of New York by virtue of Defendant City allegedly owning the building.  See Complaint ¶ 8.  Plaintiff claims that he was employed by Defendants, including Defendant City from "in or around 2003 to on or about July 13, 2018."  See id. ¶ 19.

### B.  Deficiencies In The Complaint

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This "requires more than labels and conclusions." Twombly, 550 U.S. at 555.  Plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. (citation omitted).

To be liable under FLSA and NYLL a person must be an "employer."  See Lopez v. Acme Am. Envtl. Co., 2012 U.S. Dist. LEXIS 173290 at *7 (S.D.N.Y. 2012) (citation omitted).  The "overarching concern" in determining whether an entity is an "employer" is whether the entity "possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case."  Id. (citing citing Herman v. RSR Sec. Servs. Ltd., 172 F. 3d 132, 139 (2d. Cir. 1999)).  The four factors of the "economic reality test" determine whether there was **formal** control and include whether the alleged employer had the power to hire and fire employees, supervised employees, controlled schedules or other conditions of employment, determined pay, and maintained employment records.  See Herman, 172 F.3d at 139 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); Zheng v. Liberty Apparel Co., 355 F.3d 61, 67 (2d Cir. 2003)  If formal control is not found, there may be **functional control**, which is analyzed in the Second Circuit through a six part test including but not limited to whether the alleged employer supplied the premises and equipment for work, whether the plaintiff performed a job that was integral to the alleged employer's process of production, the degree to which the alleged employer supervised plaintiff's work, and whether plaintiff worked exclusively or predominantly for the alleged employer. Zheng, 355 F.3d at 67.

Plaintiff cannot credibly contend that Defendant City had formal or functional control over his employment.  Plaintiff's argues that the City controlled his employment is by way of "own[ing] and provid[ing]" the building, and Plaintiff states in a conclusory fashion that Defendant City "controlled" the building.  See Complaint ¶¶ 8, 11.  However, as set forth below, this contention is contradicted by Plaintiff himself and refuted by public records.

Plaintiff contradicts his contention against the City when he alleges that Defendants TAFSC Housing Development Fund Corporation ("TAFSC") and the Third Avenue Family Service Center, Inc. ("Third Avenue") "managed the building" and that "Defendant Linda Washington [ . . . ] controlled the operations of TAFSC as well as the employment of Plaintiff with Defendants."  See Complaint ¶¶ 9-10.  Plaintiff further claims that Defendant NYSHHAC "took complete control of Plaintiff's employment and the building in which he

worked" and that it was NYSHHAC who terminated his employment "as part of its exercise of complete control."  See id. ¶¶ 13-14.  Plaintiff does not allege any facts supporting his claim that Defendant City controlled his employment.

Plaintiff merely states in a conclusory fashion "upon information and belief […] Defendants individually and/or jointly controlled the employment Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions" (which go unnamed).  See Complaint ¶ 15.  A claim that is "upon information and belief" fails to state a claim where it is otherwise unsupported by facts creating a plausible inference of its truth.  See, e.g., Twombly, 550 U.S. at 551-53.

Moreover, plaintiff's claim that Defendant City owned the building and controlled his employment pursuant to the terms of a Final Award Agreement ("FAA") are refuted by public documents.  On April 25, 2003, in the year Plaintiff claims his employment commenced and twelve days after the alleged FAA was executed (see Complaint ¶¶ 4, 11), Defendant City of New York sold the building and granted the deed to Defendant TAFSC.  See Exhibit "A," Deed granting 1061-1063, 1065, 1057 Hall Place to TAFSC Housing Development Fund Corporation.[1] Any of plaintiff's claims that accrued on or before April 25, 2003, the date of this sale, even if otherwise-viable, would be time-barred both under FLSA, which has a three year statute of limitations, and NYLL, which has a six year statute of limitations.  See N.Y. Lab. Law § 198(3); 29 USCS § 255(a); Gustavo v. Bell Atl. Corp., 171 F. Supp. 2d 311 (S.D.N.Y. 2001).  Moreover, Defendant City is not even a party to the FAA which Plaintiff references.  See Exhibit "B," FAA.

Finally, City notes that Plaintiff alleges no facts supporting his alleged underpayment and does not identify any specific time that he worked overtime and was not compensated.  Plaintiff attached a pay stub as an exhibit to his opposition to Defendant NYSSHAC's letter motion which pay stub appears to have been issued by Defendant TAFSC.  See ECF Docket No. 19-2, filed August 28, 2018.  For these reasons, Defendant City respectfully requests a pre-motion conference.

Respectfully submitted,

*/s/ Elizabeth H. Robins*
Elizabeth H. Robins
Assistant Corporation Counsel

cc:   **BY E-FILE (all counsel of record)**

---

[1] This Court may consider the documents referenced because the Court may consider, inter alia, documents that are referenced in the Complaint and matters to which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Arrocha v. City of New York, 878 F. Supp. 2d 364, 368 (E.D.N.Y. 2012) (citing Chambers); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000).  Defendant City respectfully requests that the Court take judicial notice of this publicly-available document (Exhibit A) and City notes that plaintiff referenced the FAA (Exhibit B) in his Complaint.