

ZACHARY W. CARTER
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

ELIZABETH H. ROBINS
*Assistant Corporation Counsel*
Labor & Employment Law Division
Phone: (212) 356-4389
Fax: (212) 356-2439
Email: erobins@law.nyc.gov
Email and Fax No. <u>Not</u> for Service of Papers

October 18, 2018

**BY ECF**

Honorable Richard Sullivan
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Michael Underwood v. TAFSC Housing Development Fund
               Corporation et. al
               18 Civ. 06664 (RJS)

Dear Judge Sullivan:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above-referenced alleged action. I, along with Counsel for Defendant New York State Homeless Housing and Assistance Corporation ("NYSHHAC") jointly write this letter on behalf of Defendant City of New York and NYSHHAC (collectively the "Appearing Defendants") requesting a stay of all discovery, including the submission of the case management plan and scheduling order, pending the outcome of the Appearing Defendants' Pre-Motion hearing and the anticipated motions to dismiss the Complaint. Additionally, this letter respectfully requests that the date set for the parties to submit the joint letter as directed by the Court be adjourned from October 18, 2018 to November 12, 2018[1], because the pre-motion conference was adjourned[2] and Plaintiff's Counsel has taken no action to initiate this letter.

      I sincerely apologize for the lateness for this request. Defendant City of New York e-mailed Plaintiff's counsel on October 16, 2018 requesting Plaintiff's consent to these requests.

---

[1] If Appearing Defendants' request for a stay in discovery is denied, Appearing Defendants further request an adjournment of the filing date of the case management plan from October 18, 2018 to November 12, 2018.

[2] The parties are currently scheduled for a pre-motion conference on November 16, 2018, at 10am, during which Appearing Defendants' anticipated motions to dismiss the Complaint shall be discussed before this Court.

Plaintiff's counsel responded on 3:57 PM on October 18, 2018. Plaintiff opposes a stay in discovery but consents to adjourning the filing deadline for the case management plan. He did not respond to whether he consents to adjourning the filing date for the joint letter and did not give a reason for opposing a stay in discovery.

Defendant NYSSHAC had e-mailed Plaintiff's counsel on October 17, 2018 suggesting that the joint letter should start with a draft from Plaintiff's attorney as it asks for the nature of the case and questions on jurisdiction and venue. As of the filing of this letter, no response to that e-mail has been received.

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.' " See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citations omitted); see Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The Appearing Defendants respectfully assert that there is good cause for multiple reasons. First, to date, TAFSC Housing Development Fund Corporation ("TAFSC"), The Third Avenue Family Service Center Inc. ("Third Avenue"), and Linda Washington have not yet appeared and it is unclear whether any of them have been properly served.[3] Further, Appearing Defendants anticipate arguing in their respective motions, should the Court grant permission, that neither of the Appearing Defendants employed Plaintiff.

It is prejudicial to the Appearing Defendants and counter to judicial economy that Appearing Defendants participate in discovery when the parties who are the most likely to have information regarding Plaintiff's employment and be in possession of documents that would illuminate Plaintiff's employment status have not appeared and thus will not be participating in the same discovery process. Further, on August 24, 2018, Defendant City of New York requested any evidence Plaintiff possesses regarding the employment relationship with the City that Plaintiff alleges, and the City has not yet received such evidence. Thus, Appearing Defendants are concerned that any discovery process with the appearing parties alone shall be fruitless.

---

[3] Plaintiff has purported to have served the TAFSC and Third Avenue on August 1, 2018, see ECF Docket No. 5, and Linda Washington on August 27, 2018, see ECF Docket No. 18, but it is unclear if the parties were properly served (for example, service was purportedly accepted on Linda Washington's behalf by a doorman at a location that upon information and belief Ms. Washington does not actually live or work). Upon information and belief, Linda Washington is Plaintiff's aunt.

Thank you for your consideration of these requests.

Respectfully submitted,

/s/ *Elizabeth H. Robins*
Elizabeth H. Robins
Assistant Corporation Counsel
Attorney for Defendant City of New York

/s/ *Brian J. Markowitz*
Brian J. Markowitz
Goldstein Hall PLLC
Attorney for Defendant NYSHHAC

**BY ECF**

TO: Abdul K. Hassan, Esq.
Attorney for Plaintiff
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com

In light of my recent confirmation to serve on the United States Court of Appeals for the Second Circuit, this case will be reassigned to another judge. Accordingly, IT IS HEREBY ORDERED that the parties' deadline to file their joint letter and proposed case management plan is adjourned *sine die* and that the initial and pre-motion conference currently scheduled for November 16, 2018 is canceled. IT IS FURTHER ORDERED that all discovery is stayed.

SO ORDERED
Dated: 10/18/18
RICHARD J. SULLIVAN
U.S.D.J.