**GOLDSTEIN HALL PLLC**
Attorneys for Defendant
*New York State Homeless*
*Housing and Assistance Corporation*
80 Broad Street, Suite 303
New York, New York 10004
Tel: (646) 768-4127
Fax: (646) 219-2450
By:    Brian J. Markowitz (BM-9640)
        bmarkowitz@goldsteinhall.com
        Daniel Goldenberg (DG-1337)
        dgoldenberg@goldsteinhall.com

UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

---

MICHAEL UNDERWOOD

                                    Plaintiff,               Case No.:      18-CV-06664 (JPO)

            -against-

TAFSC   HOUSING   DEVELOPMENT   FUND
CORPORATION,   THE   THIRD   AVENUE   FAMILY
SERVICES CENTER, INC., LINDA WASHINGTON,
CITY OF NEW YORK, AND NEW YORK STATE
HOMELESS   HOUSING   AND   ASSISTANCE
CORPORATION,

                                    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S NEW YORK STATE HOMELESS
HOUSING AND ASSISTANCE CORPORATION
MOTION FOR AN ORDER PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)
AND (6) DISMISSING PLAINTIFF'S COMPLAINT
AS AGAINST NEW YORK STATE HOMELESS
HOUSING AND ASSISTANCE CORPORATION
BECAUSE THIS COURT LACKS SUBJECT MATTER
JURISITION AND BECAUSE THE COMPLAINT
FAILS TO STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ..................................................... 2

ARGUMENT .............................................................................................................................. 2

   I.   STANDARD OF REVIEW ........................................................................................... 2

     A.   Standard of review for a 12(b)(1) motion to dismiss the complaint ............................ 2

     b.   Standard of review for a 12(b)(6) motion to dismiss the complaint ............................ 2

   II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT ........... 3

   III. NYSHHAC WAS NEITHER PLAINTIFF'S EMPLOYER NOR JOINT-EMPLOYER ... 6

     A.   Employer and joint-employer standard ........................................................................ 6

     b.   NYSHHAC never employed or jointly employed plaintiff ......................................... 9

   IV.  PLAINTIFFS FAIL TO SUFFICIENTLY ALLEGE MINIMUM WAGE AND
       OVERTIME CLAIMS UNDER THE FLSA AND NYLL ............................................. 14

CONCLUSION .......................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

### Cases

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*.,

    493 F.3d 87 (2d Cir. 2007) ........................................................................................... 3

*Baez v. New York*,

    56 F. Supp. 3d 456 2014 WL 4988237 (S.D.N.Y. 2014) ............................................ 6

*Barfield v. New York City Health & Hosps. Corp*.,

    537 F.3d 132 (2d Cir. 2008) ....................................................................................... 9

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) .................................................................................................... 3

*Bravo v. Eastpoint Intern, Inc*.,

    No. 99-CV-9474, 2001 WL 314622 (S.D.N.Y. March 30, 2001) ............................ 11

*Cannon v. Douglas Elliman*, LLC,

    No. 06-CV-7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ............................. 11

*Carter v. Dutchess Cmty. Coll*.,

    735 F.2d 8 (2d Cir. 1984) ........................................................................................... 9

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,

    No. 07-CV-7998, 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008) ............................... 3

*Cincotta v. N.Y.C. Human Res. Admin.*,

    No. 00–CV–9064, 2001 WL 897176 (S.D.N.Y. Aug. 9, 2001) ................................. 7

*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*,

    No. 07-CV-0400, 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) ................................ 3

*Gisomme v. HealthEx Corp*.,

    No. 13-CV-2541, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) ............................. 15

*Goldberg v. Whitaker House Coop., Inc*.,

    366 U.S. 28 (1961) ..................................................................................................... 8

*Hans v. Louisiana*,

    134 U.S. 1 (1890) ....................................................................................................... 5

*Harrison v. New York*,

    95 F.Supp.3d 293 (E.D.N.Y. 2015) ........................................................................... 4

*Herrera v. Council for Human Servs. Home Care Servs. Corp.*,
   No. 05-CV-10734, 2008 WL 4104025 (S.D.N.Y. Aug. 28, 2008) .......................................... 11

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995) ................................................................................................ 4

*Johnson v. A.P. Products, LTD*,
   934 F. Supp. 625 (S.D.N.Y. 1996) ................................................................................. 10, 11

*Leon v. Rockland Psychiatric Ctr.*,
   232 F. Supp. 3d 420 (S.D.N.Y. 2017) ................................................................................. 5

*Lopez v. Acme Am. Envtl. Inc.*,
   No. 12-CV-511, 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ............................................... 8

*Louis v Metro. Cable Communications, Inc.*,
   838 F Supp 2d 111 (S.D.N.Y. 2011) .................................................................................. 9

*Magee v. Nassau County Medical Center*,
   27 F. Supp.2d 154 (E.D.N.Y. 1998) .................................................................................. 3

*McGinty v. New York*,
   251 F.3d 54 (2d Cir. 2001) ................................................................................................ 5

*Peng Bai v. Fu Xing Zhuo*,
   13-CV-05790, 2014 WL 2645119 (E.D.N.Y. June 13, 2014) .............................................. 15

*Perkins v. 199 SEIU United Healthcare Workers E.*,
   73 F. Supp. 3d 278 (S.D.N.Y. 2014) ................................................................................. 17

*Regents of the Univ. of Cal. v. Doe*,
   519 U.S. 425 (1997) ........................................................................................................ 6

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001) ............................................................................... 4

*Rutherford Food Corp. v. McComb*,
   331 U.S. 722, 730 (1947) ................................................................................................. 8

*Snyder v. Advest, Inc.*,
   No. 06-CV-1426, 2008 WL 4571502, 6 (S.D.N.Y. June 8, 2008) ........................................ 16

*Spiteri v. Russo*,
   No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ............................................ 11

*Tracy v. NVR, Inc.*,

667 F. Supp. 2d 244 (W.D.N.Y. 2009) ............................................................... 14, 15

*United States ex rel Kreindler & Kreindler v. United Technologies Corp.*,

    985 F.2d 1148 (2d Cir. 1993)........................................................................... 2

*Wang v. Hearst Corp.*,

    203 F. Supp. 3d 344 (S.D.N.Y. 2016) ............................................................. 8

*Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*,

    466 F.3d 232 (2d Cir. 2006) ......................................................................... 5, 6

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*,

    No. 08-CV-6519, 2009 WL 976835 (S.D.N.Y. April 9, 2009)................... 8

*Zheng v Liberty Apparel Co. Inc.*,

    355 F.3d 61 (2d Cir. 2003) ......................................................................... 8, 10

### Statutes

29 U.S.C. § 206(a) ...................................................................................................... 7

29 U.S.C. § 207(a)(1)................................................................................................... 7

Fed. R. Civ. P. 12(b)(1)................................................................................................ 2

Fed. R. Civ. P. 12(b)(6)................................................................................................ 2

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 3

PHFL §45-c .................................................................................................................. 6

Defendant New York State Homeless Housing and Assistance Corporation ("NYSHHAC"), by their attorneys, Goldstein Hall PLLC, respectfully submit this memorandum of law in support of Defendant's motion for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), dismissing Plaintiff's claims against NYSHHAC on the grounds that this Court lacks subject matter jurisdiction over them and Plaintiff fails to state any claim upon which relief can be granted, and for such other relief as the Court deems just, proper and equitable.

## PRELIMINARY STATEMENT

NYSHHAC brings this motion to address the critical defects in the Complaint which require dismissal of this action as against NYSHHAC as a matter of law.

The Eleventh Amendment to the United States Constitution bars Plaintiff's claims against NYSHHAC in their entirety because NYSHHAC is an arm or instrumentality of the State of New York that is immune from suits by any individual in federal court.

Next, NYSHHAC cannot be deemed a joint-employer of Plaintiff as a matter of law because NYSHHAC was not involved in any aspect of Plaintiff's hiring, employment, and firing. Not only has Plaintiff failed to make any allegation other than mere unsubstantiated conclusory statements, but also the express terms of the Final Awards Agreement (the "FAA") and settled law preclude any theoretical employment relationship between Plaintiff and NYSHHAC.

A joint employer finding in this case would be repugnant to Second Circuit precedent. Such a finding could result in thousands of baseless claims asserted against the State of New York. Even more precocious, denying this motion to dismiss would justify those thousands of cases to be maintained past the discovery phase – founded on nothing more than an allegation of joint-employment, based upon information and belief, with no regard to actual relationships and circumstances.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The Court is respectfully referred to the accompanying Declaration of Brian J. Markowitz (the "Markowitz Dec.") dated November 14, 2018 for a complete statement of the procedural history and relevant facts of this case.

## ARGUMENT

## I.   STANDARD OF REVIEW

NYSHHAC seeks to dismiss Plaintiff's complaint as against NYSHHAC in its entirety, because this Court lacks subject matter jurisdiction over it, and each of the causes of action fail to state claims for which such relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) and (6).

### A.      Standard of Review for a 12(b)(1) Motion to Dismiss the Complaint

In most cases, the courts consider a 12(b)(1) motion before ruling on any other motions to dismiss, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *See United States ex rel Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993), *cert. denied sub nom, Kreindler & Kreindler v. United Technologies Corp.*, 508 U.S. 973 (1993). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Medical Center*, 27 F. Supp.2d 154, 158 (E.D.N.Y. 1998).

### B.      Standard of Review for a 12(b)(6) Motion to Dismiss the Complaint

The Court must accept only the well pleaded allegations of the Complaint as true. *See Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-CV-7998, 2008 WL 1710910, at 2 (S.D.N.Y. Apr. 10, 2008). If Plaintiff failed to "provide the grounds upon which [its] claim

rests through factual allegations sufficient to 'raise a right to relief above the speculative level,'"

the Court should dismiss the Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d

87, 98 (2d Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "If Plaintiff

has not nudged its claims across the line from conceivable to plausible, its complaint must be

dismissed." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, No. 07-CV-0400, 2008

WL 852787 (S.D.N.Y. Mar. 31, 2008) (internal quotations omitted). Plainly, Fed. R. Civ. P. 8(a)(2)

"does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" 5 C.

Wright & A. Miller, Federal Practice and Procedure § 1202, at 94, 95 (3d ed. 2004).

Moreover, bald assertions and conclusions of law and fact are insufficient to state a claim

for relief; a motion to dismiss is properly granted when a complaint or counterclaim provides no

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

*Twombly* 550 U.S. 1964 - 65. "Thus, where more specific allegations of the complaint contradict

such legal conclusions, '[g]eneral, conclusory allegations need not be credited.'" *Hirsch v. Arthur

Andersen & Co*., 72 F.3d 1085, 1092 (2d Cir. 1995); *see also Rieger v. Drabinsky (In re Livent,

Inc. Noteholders Sec. Litig.)*, 151 F. Supp. 2d 371, 405-06, 441 (S.D.N.Y. 2001) ("[A] court need

not feel constrained to accept as truth conflicting pleadings that make no sense, or that would

render a claim incoherent, or that are contradicted either by statements in the complaint itself or

by documents upon which its pleadings rely, or by facts of which the court may take judicial

notice.").

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

It is well established that "states enjoy sovereign immunity from suit in federal court, even

if the claim arises under federal law." *Harrison v. New York*, 95 F.Supp.3d 293, 314 (E.D.N.Y.

2015) (internal quotation marks omitted); *see also* U.S. Const. amend. XI. "The immunity

recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted). "Thus, under the doctrine of sovereign immunity, an individual may not sue a state, its agencies, or its officials in federal court, absent that state's consent or an express statutory waiver of immunity." *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 429 (S.D.N.Y. 2017).

It is equally well established that the eleventh amendment also "bars federal suits against state governments by a state's own citizens." *Woods*, 466 F.3d at 236; *see also Hans v. Louisiana*, 134 U.S. 1, 16 (1890) (holding that sovereign immunity extends beyond the text of the Eleventh Amendment such that a state cannot be sued by one of its own citizens without consent); *McGinty v. New York*, 251 F.3d 54, 91 (2d Cir. 2001) ("[S]overeign immunity extends beyond the literal text of the Eleventh Amendment to bar a citizen from suing his own state under federal question jurisdiction....").

To determine whether a purported state entity is an arm of the state, and thus a beneficiary of sovereign immunity protection, courts look to "the relationship between the State and the entity in question." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

> This inquiry has sometimes focused on the "'essential nature and effect of the proceeding,'" id. (*quoting Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)), and, at other times, has looked to the "'nature of the entity created by state law,'" id. (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. at 280, 97 S.Ct. 568).

*Woods* 466 F.3d at 237.

Here, NYSHHAC's statutory purpose is to administer the New York State Homeless Housing Assistance Program ("HHAP") that was formerly administered by the New York State Department of Social Services. NYSHHAC was established by Chapter 215 of the Laws of 1990,

4

as a subsidiary of the New York State Housing Finance Agency ("HFA") and as a public benefit corporation under New York State Private Housing Finance Law ("PHFL"), Section 45-c to issue the necessary bonds to finance the costs of developing projects under HHAP. PHFL §45-c, subd.2, further provides that NYSHHAC has all the "privileges, immunities, tax exemption and other exemptions" of the HFA. Clearly HFA, as an agency of the State of New York enjoys sovereign immunity. Likewise, NYSHHAC enjoys all of the same privileges and immunities as HFA, including sovereign immunity/

Most dispositive of NYSHHAC's "essential nature," is NYSHHAC has no employees of its own and it is staffed entirely by the New York State Office of Temporary and Disability Assistance ("OTDA"). Crucially, this Court has already held OTDA to be a state agency that is immune from suit under the Eleventh Amendment. *Baez v. New York*, 56 F. Supp. 3d 456, 464, 2014 WL 4988237 (S.D.N.Y. 2014) ("OTDA is an "arm of the state" for Eleventh Amendment purposes."), *Cincotta v. N.Y.C. Human Res. Admin.*, No. 00–CV–9064, 2001 WL 897176, at 9 (S.D.N.Y. Aug. 9, 2001) ("[i]n this case the plaintiff's claims against all of the State Defendants are barred by the Eleventh Amendment and by the Supreme Court's decision in *Will* [*v Michigan Dept. of State Police*, 491 U.S. 58 (1989)]. OTDA and DOH are agencies of New York State and thus … are otherwise immune from suit in federal court under the Eleventh Amendment for the alleged claims in this case.")

Accordingly, as NYSHHAC is effectively OTDA, which was already held to be an arm or instrumentality of the State of New York and NYSHHAC exists to administer HHAP (that was formerly administered by the NYS Department of Social Services), and because NYSHHAC enjoys the same privileges and immunities as HFA, NYSHHAC is deemed to be an arm or instrumentality of the State of New York and thus, NYSHHAC is entitled to Eleventh Amendment

immunity from Plaintiff's claims. Accordingly, Court lacks subject matter jurisdiction over those claims against NYSHHAC, and Plaintiff's claims must be dismissed in their entirety against NYSHHAC.

### III.   NYSHHAC WAS NEITHER PLAINTIFF'S EMPLOYER NOR JOINT-EMPLOYER

   A.   *Employer and Joint-Employer Standard*

Only an entity that qualifies as an "employer" can be liable for unpaid minimum wage and overtime. 29 U.S.C. §§ 206(a), 207(a)(1). Thus, all of Plaintiff's claims against NYSHHAC turn on his ability to prove that NYSHHAC was Plaintiff's "employer." Plaintiff bears the burden of pleading and proving NYSHHAC's employer status, the existence of which is imperative to each and every one of Plaintiff's claims. *See Wang v. Hearst Corp.*, 203 F. Supp. 3d 344, 350 (S.D.N.Y. 2016), *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08-CV-6519, 2009 WL 976835, at 2 (S.D.N.Y. April 9, 2009) (dismissing FLSA and New York Labor Law ("NYLL") claim for failure to sufficiently allege employer-employee relationship).

Whether two separate entities jointly employ an individual is "based on 'the circumstances of the whole activity' viewed in light of 'economic reality.'" *Zheng v Liberty Apparel Co. Inc.*, 355 F.3d 61at 71-72 (2d Cir. 2003) (*quoting Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) and *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). And to that end, "control of [the] employees" is the central issue in the joint employer determination. *Herman*, 172 F.3d 132, 135 (2d Cir. 1999)*; see also Lopez v. Acme Am. Envtl. Inc.*, No. 12-CV-511, 2012 WL 6062501, at 3 (S.D.N.Y. Dec. 6, 2012) ("When it comes to 'employer' status under the FLSA, control is key."). The Second Circuit has instructed courts to consider a "nonexclusive and overlapping set of factors" when applying the economic realty test. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008) (citations omitted). Specifically, a joint

6

employer relationship can be alleged in two ways, known as "formal control" and "functional control." The Courts first ask whether the entity had formal power to control. *See id*. If it did not, Courts then ask whether the entity exercised functional control the employee. *See id*. If the entity had neither formal nor functional control, it cannot be an "employer." Here, Plaintiff failed to, and cannot, allege that NYSHHAC either formal or functional control over his employment.

The federal courts have identified four factors to look at to determine if an employer had formal control over an employee. Courts look at whether the alleged joint employer: has the power to hire and fire the employees, supervises and controls the employees' work schedules or conditions of employment, determines the employees' rate of pay or the method of payment, and maintains employment records. *See Jean-Louis v Metro. Cable Communications, Inc*., 838 F Supp 2d 111, 122 (S.D.N.Y. 2011) (*citing Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir. 1984)).

Failing to find formal control, the courts then address whether the purported joint employer exercises functional control. With respect to functional control, court have identified six factors to determine if functional control over the employee has been plead and proven. Specifically,

> (1) whether the putative joint employer's premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporations [e.g., here, the ISOs] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to the putative joint employer's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the putative joint employer or its agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the putative joint employer.

*Jean-Louis*, 838 F. Supp. 2d at 122 (*citing Zheng* 355 F.3d at 71-72)

The purpose of these foregoing factors is to constrain the otherwise broadly applicable definition of "employer" by limiting liability to those with "substantial control over the aspect of

employment alleged to have been violated … but not those who do not control the terms and conditions of employment." *Johnson v. A.P. Products, LTD*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996).

Plaintiff's Complaint does not, and cannot, allege any facts sufficient to support a determination that NYSHHAC was Plaintiff's employer. Indeed, a reading of the Complaint reveals that Plaintiff has only alleged, in mere conclusory fashion, without any supporting facts, that NYSHHAC was his joint employer. Accordingly, Plaintiff's causes of action as against NYSHHAC must be dismissed with prejudice for a failure to state any claims upon which relief can be granted. *See Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at 60 (E.D.N.Y. Sept. 7, 2013) (granting motion to dismiss where plaintiff failed to demonstrate that the economic realities of the plaintiff's work for the attorney defendants established an employer-employee relationship), *Herrera v. Council for Human Servs. Home Care Servs. Corp.*, No. 05-CV-10734, 2008 WL 4104025 (S.D.N.Y. Aug. 28, 2008) (granting motion to dismiss where plaintiff asserted in brief that she spent more than 20% of her total work hours performing "general household work" but this "bare allegation" was unsupported by allegations in complaint), *Cannon v. Douglas Elliman*, LLC, No. 06-CV-7092, 2007 WL 4358456, at 5 (S.D.N.Y. Dec. 10, 2007) (dismissing FLSA and NYLL claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work."), *Bravo v. Eastpoint Intern, Inc*., No. 99-CV-9474, 2001 WL 314622, at 1-2 (S.D.N.Y. March 30, 2001) (granting motion to dismiss because plaintiffs' allegation that individual defendant was "the principle [sic] owner" of corporate defendant would not "tend to establish her power to control the plaintiff workers"), *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996) (granting motion to dismiss because plaintiff failed to

allege that defendant had "substantial control over the aspect of employment alleged to have been violated")

B.    *NYSHHAC Never Employed or Jointly Employed Plaintiff*

Plaintiff bases his claims against NYSHHAC on the bald assertion that NYSHHAC is employers under the FLSA and NYLL. As previously stated, Plaintiff fails to allege any facts supporting his conclusions, nor has Plaintiff ever attempted to address any of the Courts' factors to hold formal control or functional control.

(i)    The FAA precludes any employer/employee relationship between NYSHHAC and Plaintiff

At the outset, Plaintiff's red-herring narrative must be addressed: Plaintiff misleadingly relies on NYSHHAC's relationship with TAFSC Housing Development Fund Corporation ("TAFSC HDFC"), Third Avenue Family Services Center, Inc. ("TAFSC") (collectively, the "Sponsor"), and Linda Washington and incorrectly concludes that NYSHHAC was Plaintiff's joint employer. Nothing could be further from the truth. The FAA memorializes the relationship and the limits thereof, and expressly provides that it is TAFSC, *not* NYSHHAC that

> will have lead responsibility for administration of HHAP funds; submission of requests for disbursement of HHAP funds; completion of the Project Establishment Phase; completion of the Project Operational Phase; submission of reports and budgets required under this Agreement; consultation with the Project Officer or the designee of the Project Officer; as well as for compliance with other terms and conditions of this AGREEMENT.

FAA, Exhibit B, paragraph 5(1). The FAA further provides that the Sponsors can enter into contracts for the management of the Project (such as the handyman services allegedly provided by Plaintiff), and that any such contract entered into by Sponsors (such as any employment agreement between Sponsors and Plaintiff) will not create a contractual relationship with that contractor and NYSHHAC. *See* FAA, Exhibit B, paragraph 21. Moreover, the FAA expressly provides that the

Sponsors are independent contractors and not employees of the Corporation and that the Sponsors indemnify NYSHHAC "from any from any and all claims and losses accruing or resulting to any and all contractors, subcontractors, and any other person, firm or corporation furnishing or supplying work, services, materials, or supplies in connection with the performance of this AGREEMENT…" FAA, Exhibit B, paragraph 28. Most jarring is that even if all of these "formal control" parameters are ignored and even if NYSHHAC was given an opportunity to review contracts that exceeded $10,000 which the Sponsors seem to have entered into, the Sponsors were precluded from exercising "functional control" over the Sponsors by Ms. Washington, and NYSHHAC was forced to commence litigation to enforce the FAA when the Sponsors permitted the Project to be occupied by a population of people who did not have HIV/AIDS and did not have a family member living there with HIV/AIDS, in direct violation of the terms of the FAA.

Indeed, Plaintiff's bizarre employment theory is completely exposed when his own Complaint contradicts itself: paragraph 13 of the Complaint states:

> In fact, Defendant New York State Homeless Housing and Assistance Corporation ("NYSHHAC"), became the successor in interests to the other Defendants/joint-employers in July 2018 when through court order, it took complete control of Plaintiff's employment and the building in which he worked for Defendants located at [Project Premises].

Markowitz Dec., Exhibit A, Complaint at paragraph 13. In other words, as alleged by Plaintiff, NYSHHAC did not become a joint employer until it allegedly became the successor in interest to the "other Defendants/joint-employers in July 2018". In square opposition, the Complaint further alleges:

> Plaintiff Underwood was employed by Defendants, individually and/or jointly, from in or around 2003 to on or about July 13, 2018.

Markowitz Dec., Exhibit A, Complaint at paragraph 19. Taken together, Plaintiff alleges that NYSHHAC became the successor in interest to other joint employers at the same time that Plaintiff was fired by Sponsors.

In sum, the FAA provided that all "formal control" over Plaintiff has to be administered by TAFSC, as TAFSC had "lead responsibility," and all "functional control" was wielded by Ms. Washington, to a point of emergency litigation, which was denied with deference to Ms. Washington's authority for almost a year until the Court ordered a turnover of the Project.

(ii) <u>The Complaint fails to sufficiently plead that NYSHHAC employed Plaintiff</u>

Plaintiff has utterly and completely failed to  plead any factual allegations to support that he was employed by NYSHHAC, but instead relies on conclusory, unsupported  allegations which are insufficient to survive a motion to dismiss. *See, e.g., Tracy v. NVR, Inc*., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing claim where plaintiff failed to plead specific facts in support of "economic realities" analysis). Plaintiff does not allege any facts establishing either "formal" control or "functional" control. To the contrary, Plaintiffs' allegations rely on the conclusory assertion that he was employed by Defendants, and "upon information and belief and as part of its exercise of complete control [NYSHHAC] terminated Plaintiff's employment." Exhibit A, Complaint at Paragraph 14.

As cited, Courts in this Circuit consistently rejected and dismissed causes of action based upon nearly identical barebones and conclusory allegations. In *Xue Lian Lin*, for example, employees of Comprehensive Health Management, Inc. ("CHMI") sued both CHMI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA. *Xue Lian Lin*, 2009 WL 976835, at 1. The court noted that the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and

conditions of employment" to characterize them as "employers" pursuant to the FLSA. *Id.* at 2. The court found that allegations made "'upon information and belief, [that] Defendants were employers ... within the meaning of the FLSA,' and that 'Defendants employed Plaintiffs within the meaning of the FLSA,'" were "inadequate to state a claim because they are legal conclusions." *Id. See, e.g.*, *Gisomme v. HealthEx Corp.*, No. 13-CV-2541, 2014 WL 2041824, at 3 (E.D.N.Y. May 15, 2014) (dismissing "joint employer" claim reliant upon "conclusory allegations" of "operational involvement," "control" and "general power over various employment decisions"); *Peng Bai v. Fu Xing Zhuo*, 13-CV-05790, 2014 WL 2645119, at 4 (E.D.N.Y. June 13, 2014) (dismissing claim where plaintiff generally alleged the nominal employer "had the power to hire, fire, set wages, set work conditions, and maintain employment records"). There is no basis for a different result here. Plaintiff simply makes general conclusory allegations, based "upon information and belief," that the Defendants – NYSHHAC, the City of New York, two private entities, and an individual - were all, simultaneously, Plaintiff's employers.

As a threshold matter, Plaintiff inappropriately combines all the defendants and treats them as one entity, without ever asserting any basis for separate liability. Plaintiff does not allege any specific facts indicating the nature of his alleged relationship with any of the defendants: Plaintiff does not state which defendant hired him, managed him, paid him, or fired him. Instead Plaintiff makes conclusory allegations that all the defendants were his employers, notwithstanding the fact that the FAA specifically states that that any contract entered into by Sponsors will not create a contractual relationship with that contractor and NYSHHAC. Plaintiff must sufficiently allege facts that support the conclusion that all of the defendants were actually his employer. Plaintiff cannot just presume that all of the defendants are somehow related and in control of one another.

*See, e.g, Snyder v. Advest, Inc.,* No. 06-CV-1426, 2008 WL 4571502, 6 (S.D.N.Y. June 8, 2008) (there is a "strong presumption that a parent is not the employer of its subsidiary's employees...").

Next, Plaintiff failed to allege and cannot allege that NYSHHAC had any "formal control" over Plaintiff. Plaintiff never specifically alleged that NYSHHAC hired or fired Plaintiff. Any allegations implicating hiring and firing were alleged against all of the defendants and were made upon information and belief and are accordingly both unavailing and insufficient. Plaintiff failed to allege and cannot allege that NYSHHAC supervised or controlled Plaintiff. Plaintiff failed to allege and cannot allege that NYSHHAC determined Plaintiff's rate and method of payment. Plaintiff failed to allege and cannot allege that NYSHHAC maintained Plaintiff's employment records.

In similar fashion, Plaintiff never alleges, nor could he allege, that NYSHHAC had "functional control" over Plaintiff. Plaintiff did not use NYSHHAC's premises and equipment for its work, the State Litigation not only demonstrates that the subject premises was not owned by NYSHHAC, but also that NYSHHAC was forced to commence a lawsuit, by an emergency application (which was denied) to, inter alia, even enter the subject premises. Plaintiff did not have a business that could or did shift as a unit from one putative joint employer to another. NYSHHAC did not supervise Plaintiff's work, just as NYSHHAC was not privy to any of the Sponsors' operations. Plaintiff did not work exclusively or predominately for NYSHHAC – Plaintiff did not work for NYSHHAC at all, he was hired and fired by Co-defendant HDFC.

Once Plaintiff's conclusory statements are stripped away, the Court is left with no facts to analyze to determine the plausibility of an employer-employee relationship between Plaintiffs and Defendants. As such, the Complaint must be dismissed for failure to state a claim.

## IV.   PLAINTIFFS FAIL TO SUFFICIENTLY ALLEGE MINIMUM WAGE AND OVERTIME CLAIMS UNDER THE FLSA AND NYLL

Just as Plaintiff fails to allege an employment and joint-employer relationship, the Complaint is devoid of any factual context to his claim that Defendants failed to pay him (or anyone else, as will be discussed) "an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked." Complaint at paragraph 25. Instead, Plaintiff attempts to avoid its burden by stating "a more precise statement of the hours and wages will be made when Plaintiff Underwood obtains the wage and time records …" Complaint at paragraph 24. Plainly, Plaintiff's obfuscation is improper. Plaintiff's action rests on Plaintiff's personal knowledge of his own alleged injury, central of which is Plaintiff's work. However, Plaintiff does draw upon any knowledge whatsoever, other than to say that he lived in the subject premises, Plaintiff does not identify the actual days or workweeks Plaintiff (or anyone else) worked overtime; whether he came to work early; stayed late; how many extra, uncompensated hours he or anyone else) worked per day or week; or the type of tasks performed during those alleged uncompensated (domestic or non-domestic), overtime hours. *See Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014). This is particularly necessary, where, as here, NYSHHAC was not a party nor privy to his work records and has no knowledge or access to such records.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and award such other and further relief as the Court deems just proper and equitable.

Dated:   New York, New York
         November 14, 2018

                                 **GOLDSTEIN HALL PLLC**

                                 /S/ Brian J. Markowitz

By:   **BRIAN J. MARKOWITZ, ESQ.**
        **DANIEL GOLDENBERG, ESQ.**
        Attorneys for Defendant
        New York State Homeless Housing and
        Assistance Corporation      80 Broad
        Street, Suite 303
        New York, New York 10004
        Tel. (646) 768.4105
        Fax. (646) 219.2450