UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL UNDERWOOD,
                     Plaintiff,

-v-

TAFSC HOUSING DEVELOPMENT
FUND CORPORATION, et al.,
                     Defendants.

18-CV-6664 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Michael Underwood filed this action against Defendants TAFSC Housing Development Fund Corporation, The Third Avenue Family Service Center, Inc., Linda Washington, City of New York, and New York State Homeless Housing and Assistance Corporation. (Dkt. No. 1 ("Compl.").) Underwood alleges that Defendants failed to pay him overtime wages, violating both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*Id.*) Underwood filed a notice of voluntary dismissal as to Defendants City of New York and New York State Homeless Housing and Assistance Corporation. (Dkt. No. 42.) Plaintiff has served all Defendants. (Dkt. No. 5.) Defendants TAFSC Housing Development Fund Corporation ("TAFSC"), The Third Avenue Family Service Center, Inc. ("Third Avenue"), and Linda Washington have not answered the complaint or otherwise appeared in this action. A certificate of default has been filed as to all remaining Defendants. (Dkt. No. 51.) Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. No. 53.) For the reasons that follow, the motion is granted.

**I.    Background**

      TAFSC and Third Avenue managed an apartment building located at 1061 Hall Place, Bronx, N.Y. 10459. (Compl. ¶ 9.) Washington was the executive director of TAFSC and

controlled its operations, including matters regarding Underwood's employment. (Compl. ¶ 10.) Underwood alleges that he was employed by the Defendants from approximately 2003 to July 13, 2018. (Compl. ¶ 19.) During that time, he worked as a handyman performing maintenance and repairs in the apartment building managed by TAFSC and Third Avenue. (Compl. ¶ 20.) He also handled and distributed incoming and outgoing mail. (*Id.*) Underwood alleges that he performed this work 65 to over 75 hours each week, 7 days per week. (Compl. ¶¶ 23, 25.)

Underwood alleges that he was never paid overtime for the hours he worked over forty hours a week. (Compl. ¶ 23.) Additionally, Underwood was never provided with a notice and acknowledgement at the time of hiring or statements of his payment of wages at the time of payment. (Compl. ¶¶ 27–28.)

Underwood estimates that he is owed $252,480.50 in unpaid overtime wages. (Dkt. No. 54 at 12.) The overtime figure is calculated by first including the apartment he was provided as part of his compensation to calculate his effective rate for overtime purposes. (Dkt. No. 54 at 11.) For the first five hours of overtime, Underwood was paid his regular rate. (Dkt. No. 54 at 12.) For all other overtime, he was not compensated. (*Id.*) Accordingly, for the first five hours the calculation consisted of the overage that was left unpaid, multiplied by the number of weeks worked. (*Id.*) All other overtime wages were calculated by multiplying an average number of overtime hours per week by the number of weeks worked by the overtime pay rate. (*Id.*)

## II.  Legal Standard

By failing to answer the complaint, Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v.*

*Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (first quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

### III. Discussion

#### A. Allegations in Support of Liability

The complaint asserts overtime compensation violations under the FLSA and the NYLL and notice violations under the NYLL. (Compl. ¶¶ 42–59.) As a threshold matter, the Court considers whether the statutes of limitations would limit Plaintiff's recovery. *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *2 (S.D.N.Y. May 27, 2014) ("Courts in this Circuit . . . generally have limited a plaintiff's recovery in the event of a defendant's default to the time period covered by the FLSA statute of limitations."). The FLSA imposes a three-year statute of limitations to a cause of action arising out of a willful violation. 29 U.S.C. § 255(a). Here, as Plaintiff alleges that Defendants' failure to pay overtime wages was willful, the three-year limitations period applies. (*See* Compl. ¶ 25.) Moreover, the NYLL has a statute of limitations of six years. N.Y. Lab. Law §§ 198(3), 663(3). Because this lawsuit was filed on July 25, 2018, the NYLL limitation period would include claims that accrued between July 25, 2012, and July 13, 2018, while the FLSA limitations period would include claims that accrued between July 25, 2015, and July 13, 2018.

3

To state an FLSA overtime compensation claim, a plaintiff must allege that he was the defendant's employee, that his work involved interstate activity, and that he worked an approximate number of hours for which he did not receive overtime wages. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours.").

First, Underwood's allegations are sufficient to establish that he was an employee of Defendants for FLSA purposes. Employment for FLSA purposes is a "flexible concept to be determined by a case by case review of the totality of the circumstances," and courts look the "economic reality of an employment relationship." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (citation and internal quotation marks omitted). There are four factors relevant to the analysis: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citation omitted). Here, Underwood alleges that Defendants fulfilled all four factors. (*See* Compl. ¶¶ 15, 20–22.) Accordingly, he has properly alleged that he was an employee for FLSA purposes.

Second, an employee is covered by the FLSA if he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). In addition, the enterprise must have at least $500,000 in annual gross business volume. 29 U.S.C. § 203(s)(1)(A)(ii). Underwood alleges that Defendants have engaged in "interstate commerce"

and had annual gross business volume in excess of $500,000. He is therefore covered by the FLSA. (Compl. ¶¶ 29, 31–32.)

Third, Plaintiff must allege that he did not receive overtime wages. To state an FLSA overtime claim, a plaintiff must allege only that he worked compensable overtime in a workweek longer than 40 hours, and that he was not properly compensated for that overtime. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Here, Plaintiff alleges that he worked a regular schedule of "about 65-75 or more hours each week . . . 7 days a week." (Compl. ¶ 23.) However, he was compensated at his regular rate for the first 45 hours of work a week, and not at all for any time worked in excess of 45 hours. (Compl. ¶¶ 22–23.) In light of the above, Underwood's allegations are sufficient to state a claim for failure to pay overtime wages in violation of the FLSA.

Plaintiff's allegations are also sufficient to establish Defendants' liability under the NYLL for overtime wage violations, as well as failure to provide the required wage notices. A plaintiff's burden to establish overtime wages liability under the NYLL is similar to that under the FLSA. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015). The NYLL, as compared to the FLSA, focuses on the "degree of control" rather than "economic realities" in determining whether the plaintiff is an "employee" under the NYLL. *Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 535–36 (S.D.N.Y. 2014). In addition, the NYLL does not require that an employer achieve a certain minimum in annual sales in order to be liable under the NYLL. *Fermin*, 93 F. Supp. 3d at 34. Because Plaintiff worked on a set

5

schedule[1] for a fixed wage determined by Defendants, Plaintiff is an "employee" under the NYLL. *See Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003) (listing five factors relevant to the "degree of control" analysis). And for the same reasons that Defendants are liable for the overtime wages violations under the FLSA, Defendants are also liable under the NYLL.

In addition, Plaintiff alleges that he did not receive written notice of the rate of pay, regular pay day, and other information, as required by NYLL § 195(1)(a), nor did he receive any pay stubs, as required by NYLL § 195(3). (Compl. ¶¶ 57–58.) His allegations are sufficient to support Defendants' liability under the NYLL.

B. **Evidence in Support of Damages**

Plaintiff seeks overtime wages under the FLSA and the NYLL, liquidated damages for wage-and-hour violations under both the FLSA and the NYLL, and statutory damages for failure to give written wage notices and pay stubs under the NYLL, along with prejudgment interest.[2] (Compl. at 10; Dkt. No. 53 at 2.) The Court addresses each request in turn.

1. **Overtime Wages**

Both the FLSA and the NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. 29 U.S.C. §§ 207(a)(1), 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

---

[1] The employment agreement with the Defendants specified that "[t]he nature of a work assignment [would] impact the days and hours an employee is *required* to work." (Compl. ¶ 23 n.3 (emphasis added).)

[2] The Complaint also requests attorney's fees and costs. This request is not reiterated in the motion for default judgment, and Plaintiff has provided no documentation upon which to justify the award. Because the Court has no evidentiary basis upon which to grant reasonable attorney's fees, none are awarded herein. *See Scott v. City of N.Y.*, 626 F.3d 130, 133–34 (2d Cir. 2010) (noting that for the award of attorney's fees the Plaintiff generally must produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.")

Here, Plaintiff alleges that he worked for Defendants for 65-75 hours per week during the recoverable time period — July 25, 2012, to July 13, 2018.[3] (Compl. ¶ 23.) Underwood was paid $11.45 an hour in a cash wage and was additionally compensated with an apartment valued at around $1500 per month. (*See* Compl. ¶¶ 21–22 & n.2.) The apartment value must be added to his cash wages to determine his regular rate for overtime purposes. 29 C.F.R. § 778.116 ("Where . . . an employer furnishes lodging to his employees in addition to cash wages . . . the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined."). Underwood alleges that the inclusion of the apartment raises his effective rate to $20.10 an hour. (Compl. ¶ 22.)

However, there seems to be an error in this calculation. When the apartment's alleged value is added, his effective rate becomes $19.79 an hour.[4] Accordingly, his overtime rate should have been $29.69 an hour. For his calculations, Underwood uses the midpoint figure of 70 hours per week. (Dkt. No. 54 at 11.) Because he was paid at his regular compensation rate for the first 45 hours he worked, he was effectively paid $890.55 per week. However, he should have received overtime wages for the first five overtime hours he worked, amounting unpaid overtime wages of $49.50 per week. (*See* Compl. ¶ 23.) He was not paid at all for the subsequent 25 hours of overtime he worked. (*See id.*) That amounts to unpaid overtime wages of $742.25 per week. Taken together, Undewood is owed an additional $791.75 per week in the

---

[3] To the extent Plaintiff's claims accrued before July 25, 2015, they are time-barred under the FLSA. But Plaintiff can still seek unpaid overtime wages between July 25, 2012, and July 13, 2018, under the NYLL. Any of Plaintiff's claims that accrued before July 25, 2012 are time-barred under the NYLL as well. *See supra* Section II.A.

[4] Plaintiff alleges that he was paid $1,030.77 biweekly for 90 hours of work. (Compl. ¶ 22 n.2.) If the apartment is valued at $1,500 a month, it is valued at $750 in biweekly compensation. Accordingly, he was "paid" $1,780.77 biweekly for 90 hours of work. That comes out to approximately $19.79 an hour.

7

relevant period, spanning 298 weeks.[5]  In total, Underwood is owed $235,941.50 in unpaid overtime wages.

### 2. Liquidated Damages

The FLSA and the NYLL have provisions providing for liquidated damages in an amount equal to compensatory damages.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60–61 (2d Cir. 2016).  Employees are entitled to liquidated damages unless employers establish a good faith defense.  29 U.S.C. § 260; N.Y. Lab. Law § 663(1); *see Gurung v. Malhotra*, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012).  Defendants that fail to respond to a motion for default judgment necessarily fail to carry the burden of demonstrating good faith.  *See Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, *5 (E.D.N.Y. July 2, 2014).

"The law is now settled in this Circuit that a plaintiff cannot simultaneously recover liquidated damages under both the FLSA and the NYLL."  *Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 Civ. 3902, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018) (citing *Chowdhury*, 666 F. App'x at 61).  But Plaintiff is entitled to "recover under the statute that provides the great[er] relief."  *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (alteration in original) (quoting *Castillo v. RV Transp., Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016)).

Here, Plaintiff can recover greater liquidated damages under the NYLL because part of his FLSA claim is time-barred.  Therefore, the Court calculates Plaintiff's liquidated damages in accordance with the NYLL.  Because Plaintiff has demonstrated that he is entitled to $235,941.50 in back pay, his liquidated damages under the NYLL amount to $235,941.50.

---

[5] This total accounts for about two weeks off per year taken in the relevant time period. (Dkt. No. 54 at 11.)

### 3. Statutory Damages

The NYLL requires employers to provide each employee a notice of the rate of pay at the time of hiring. N.Y. Lab. Law § 195(1)(a). A plaintiff may recover $50 for each workday during which the employer continually failed to give this notice, not to exceed $5,000. *Id.* § 198(1-b). In addition, the NYLL also requires employers to give each employee a pay stub with each paycheck that lists specific information about their employment. *Id.* § 195(3). A plaintiff may recover $250 for each work day during which the employer failed to give this notice, not to exceed $5,000. *Id.* § 198(1-d).

Here, the relevant time period for which plaintiff worked spanned six years, but he never received a wage notice nor pay stub. He is therefore entitled to the maximum $5,000 for the work days during which Defendants continually failed to give him a wage notice, plus the maximum $5,000 for Defendants' failure to provide him with a pay stub.

### 4. Prejudgment Interest

The NYLL provides for an award of prejudgment interest in addition to liquidated damages. *Id.* § 198(1-a); *see Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). But prejudgment interest is available on actual damages under the NYLL, not liquidated damages. *Ortega*, 2017 WL 2634172, at *6 (citing *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016)).

Under New York law, the prejudgment interest rate is nine percent per year. N.Y. C.P.L.R. §§ 5001, 5004. "[W]here damages are 'incurred at various times,' as is the case with unpaid wages over the course of several years, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *5 (S.D.N.Y. June 10, 2014) (quoting N.Y. C.P.L.R. § 5001(b)). "[C]ourts often choose the

midpoint of the plaintiff's employment within the limitation period." *Pineda v. Tokana Cafe Bar Restorant Inc.*, No. 16 Civ. 1155, 2017 WL 1194242, at *4 (S.D.N.Y. Mar. 30, 2017).

Here, the midpoint of Plaintiff's employment in the relevant time period is July 19, 2015. And Plaintiff's actual damages under the NYLL are $235,941.50. Plaintiff is therefore entitled to statutory prejudgment interest of nine percent per year on this amount from July 19, 2015.

### IV. Conclusion

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants TAFSC Housing Development Fund Corporation, The Third Avenue Family Service Center, Inc., and Linda Washington jointly and severally. The judgment shall include: (1) damages for unpaid overtime wages, statutory damages, and liquidated damages under the FLSA and the NYLL in the amount of $481,883; and (2) prejudgment interest on $235,941.50 from July 13, 2015, to the date of judgment at a rate of nine percent per year.

The Clerk of Court is directed to close the motion at Docket Number 53 and to close the case. Plaintiff is directed to mail a copy of this Opinion and Order to the defaulting Defendants and to the New York Secretary of State.

SO ORDERED.

Dated: October 25, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge